IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PARENTS DEFENDING EDUCATION
4532 Cherry Hill Rd. #119
Arlington, VA 22207,

    *Plaintiff*,

v.

U.S. DEPARTMENT OF EDUCATION
400 Maryland Avenue, SW,
Washington, D.C. 20202,

    *Defendant*.

Case No. _____

# COMPLAINT

Plaintiff Parents Defending Education brings this action against Defendant U.S. Department of Education to compel compliance with the Freedom of Information Act, 5 U.S.C. §552, and alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §1331.

2. Venue is proper in this district pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §1391(e).

## PARTIES

3. Plaintiff PDE is a nationwide, grassroots membership organization whose members include parents, students, and other concerned citizens. PDE's mission is to

prevent—through advocacy, disclosure, and, if necessary, litigation—the politicization of K-12 education.

4. Defendant U.S. Department of Education is an agency of the United States government. The Department has possession, custody, and control of records to which PDE seeks access. The Department is headquartered at 400 Maryland Avenue, SW, Washington, D.C. 20202.

## STATEMENT OF FACTS

5. On July 12, 2022, PDE's president, Nicole Neily, submitted a FOIA request to the Department on behalf of PDE, seeking correspondence between Department officials and representatives from three advocacy groups.

6. Specifically, PDE asked for:

> All correspondence between the Department of Education and Governing for Impact, the National Student Legal Defense Network, [or] the New Venture Fund between the dates of January 20, 2021 and July 12, 2022 that contain the terms "Title IX," "TIX," "gender-affirming," "gender identity," "gender support plan," "Transgender," [or] "LGBT."

The request also provided the names of sixteen specific individuals and three email domains likely to be associated with responsive documents.

7. The Department acknowledged PDE's request by email and assigned it a tracking number (#22-03162-F) the same day.

8. On July 13, 2022, the Department updated the status of PDE's request to "On Hold – Need Info/Clarification." The Department informed Ms. Neily that it was "unable to process [PDE's] request at this time" because it needed "clarification of the

prevent—through advocacy, disclosure, and, if necessary, litigation—the politicization of K-12 education.

4. Defendant U.S. Department of Education is an agency of the United States government. The Department has possession, custody, and control of records to which PDE seeks access. The Department is headquartered at 400 Maryland Avenue, SW, Washington, D.C. 20202.

## STATEMENT OF FACTS

5. On July 12, 2022, PDE's president, Nicole Neily, submitted a FOIA request to the Department on behalf of PDE, seeking correspondence between Department officials and representatives from three advocacy groups.

6. Specifically, PDE asked for:

> All correspondence between the Department of Education and Governing for Impact, the National Student Legal Defense Network, [or] the New Venture Fund between the dates of January 20, 2021 and July 12, 2022 that contain the terms "Title IX," "TIX," "gender-affirming," "gender identity," "gender support plan," "Transgender," [or] "LGBT."

The request also provided the names of sixteen specific individuals and three email domains likely to be associated with responsive documents.

7. The Department acknowledged PDE's request by email and assigned it a tracking number (#22-03162-F) the same day.

8. On July 13, 2022, the Department updated the status of PDE's request to "On Hold – Need Info/Clarification." The Department informed Ms. Neily that it was "unable to process [PDE's] request at this time" because it needed "clarification of the

information [PDE] requested." It asked Ms. Neily to provide "[a] list of Department of Education offices/personnel/custodians" to be searched. "Once we receive the information," the Department added, "we will assign your request to the appropriate office(s) to search for documents responsive to your request."

9. On July 19, 2022, Ms. Neily complied with the Department's directive. She advised the Department that PDE would "narrow [its] search" to thirteen specific departments and several dozen individual custodians.

10. On July 25, 2022, the Department informed Ms. Neily via email that the "status of [PDE's] FOIA request" had been "updated" and that the request was now "in process."

11. On July 26, 2022, the Department sent Ms. Neily two separate letters informing her that PDE's request for a fee waiver had been granted and that its request for expedited processing had been denied. The letters did not address the substance of PDE's request or offer an estimated date of completion.

12. On August 12, 2022, the Department sent Ms. Neily a letter titled, "20-Day Notification 22-03162-F." The letter purported to be an "initial determination letter" regarding PDE's request, but it contained neither a determination nor an estimate for when one might arrive. Rather, the August 12 letter merely echoed the Department's previous communications and stated that PDE's request had been "forwarded to the appropriate office(s) within the Department for any responsive documents they may have."

13. The August 12 letter further stated that the Department would "provide records on a rolling basis as they become available" but declined to "provide an estimated completion date." The letter did not mention any categories of documents the Department planned to produce or withhold, nor did it inform Ms. Neily of any right to appeal.

14. PDE has received no further communications from the Department regarding its request.

15. As of February 28, 2024, more than nineteen months after PDE submitted its FOIA request, the Department's website still identifies PDE's FOIA request status as "in process."

16. As of February 28, 2024, the Department has failed to "gather and review the documents" PDE has requested and "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents." *Citizens for Responsibility & Ethics in Washington ("CREW") v. Federal Election Commission*, 711 F.3d 180, 188 (D.C. Cir. 2013).

17. As of February 28, 2024, PDE has not received any documents from the Department in response to its July 13, 2022, FOIA request.

## COUNT I
**(Violation of FOIA, 5 U.S.C. §552)**

18. PDE repeats and realleges each of the prior allegations in this complaint.

19. FOIA provides that, subject to certain statutory exemptions, federal agencies shall "upon any request for records which reasonably describe such records … make the records promptly available to any person." 5 U.S.C. §552(a)(3)(A).

20. Under FOIA, a federal agency must make and communicate a "determination" whether to comply with a FOIA request—and communicate "the reasons therefor"—within 20 working days of receiving the request, or within 30 working days in "unusual circumstances." 5 U.S.C. §552(a)(6)(A)(i), (a)(6)(B)(i).

21. To make such a determination, the agency must "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reason for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *CREW*, 711 F.3d at 188.

22. If the agency does not issue a "determination" within the required time period, "the requester may bring suit directly in federal district court without exhausting administrative appeal remedies." *CREW*, 711 F.3d at 182.

23. FOIA gives federal courts jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. §552(a)(4)(B).

24. The Department of Education is a federal agency subject to FOIA's requirements. *See* 5 U.S.C. §552(f)(1).

25. The Department has made no "determination" as to PDE's FOIA request, made no reasonable effort to search for responsive documents, and produced no documents responsive to PDE's FOIA request.

26. The Department's failure to make a "determination" as to PDE's FOIA request within the required time period violates FOIA and the Department's corresponding regulations and relieves PDE of any obligation to exhaust administrative appeal remedies before filing its FOIA lawsuit. *See* 5 U.S.C. §552(a)(6)(A)(i), (a)(6)(B)(i); 34 C.F.R. §5.1 *et seq*.

27. The Department's failure to make a reasonable effort to search for records in electronic form or a format responsive to PDE's FOIA request violates FOIA and the Department's corresponding regulations. *See* 5 U.S.C. §552(a)(3)(C); 34 C.F.R. §5.1 *et seq*.

28. The Department's failure to make promptly available the records sought by PDE violates FOIA and the Department's corresponding regulations. *See* 5 U.S.C. §552(a)(3)(A); 34 C.F.R. §5.1 *et seq*.

**WHEREFORE**, PDE respectfully requests that the Court:

(1) order the Department to conduct searches for any and all records responsive to PDE's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to PDE's FOIA request;

(2) order the Department to produce, by a date certain, any and all non-exempt records to PDE's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

(3) enjoin the Department from continuing to withhold any and all non-exempt records responsive to PDE's FOIA request;

(4) grant PDE an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and

(5) grant PDE such other relief as the Court deems just and proper.

Dated: February 28, 2024                                  Respectfully submitted,

<u>/s/ J. Michael Connolly</u>

J. Michael Connolly (D.C. Bar No. 995815)
James F. Hasson (D.C. Bar No. 1697883)
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
mike@consovoymccarthy.com
james@consovoymccarthy.com

*Counsel for Plaintiff Parents Defending Education*